Ruffin, C. .1.
 

 The proposition contended for by the defendant must be too broad. It amounts to this: that, if any credit, for even a small and known sum, be entered on the paper on which the bond is written, and be fraudulently ex
 
 *278
 
 punged, the debtor is not to take credit for the true sum paid, blit that in law the whole debt is deemed to have been paidj or the bond annulled. We are not aware of any such rule. ipthe bond itself be .altered it is destroyed ; and the argument assumes, that the entry of the credit becomes part of the bond, so that its obliteration is a destruction of the whole instrument. But the credit is not part of the deed. It is only written evidence of a payment on it, like a receipt. If expunged, the debtor would still have the benefit of it, if he could establish its contents. And if he could not positively show the precise contents, but there should be a doubt as to .the amount or period of payment, there is a natural presumption arising from such conduct, of which the jury will always feel the just influence in-making up the verdict upon the question of payment. But we do not know of any legal or technical presumption of the payment, in such case, of more than appears to have been in fact paid. If there be an error in the instructions to the jury, it is not one of which the defendant can complain. Indeed the verdict puts the whole instruction out of the case; for it is not only, that the whole debt was not paid, but that there was no third payment whatever. If there had been such third payment, the jury would have found that, although they might not have found full payment. Therefore by finding only two payments^ as entered on the bond, and still appearing there, the jury must have believed, that no other payment was either entered or made.
 

 Pjsr Curiam, Judgment affirmed.